**F I L E D**

AUG 3 1 2007   **NR**

*AUG. 31, 2007*

**MICHAEL W. DOBBINS**

**CLERK, U.S. DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

*JH*

OCTAVIA BURWELL, on her on own behalf )
and on behalf of her minor daughters )
AMBER BURWELL and CAMILLE BURWELL, )
CHRISTOPHER SMOTHERS, and WARREN PARNELL,)

                  Plaintiffs,

                  v.

**07CV 4928**

**JUDGE KENDALL**

**MAGISTRATE JUDGE COX**

CHICAGO POLICE OFFICERS MICHAEL TATE, )
VINCE MORGAN, JOHN KNEZEVICH, LYNN BUNCH,)
WAYNE J. SMITH JR., JOSEPH HALLIHAN, )
DAVID BAEZ, LIEUT. PETER PIAZZA, )
SGT. VARRICK DOUGLAS SR., )
C. WILSON (#11091), F. GOLDSMITH (#3018),)
M. RANDOLPH (#9663), D. LISS (#10115), )
L.A. WALLACE (#10484), TANNEHILL (#7177),)
D. SAUCEDO, UNKNOWN CHICAGO POLICE )
OFFICERS, and the CITY OF CHICAGO, )
                       )
            Defendants.   ) JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs, OCTAVIA BURWELL, CHRISTOPHER SMOTHERS, WARREN

PARNELL, and AMBER BURWELL and CAMILLE BURWELL, the latter two

minors by and through their mother, Octavia Burwell, complain of

Defendants, CHICAGO POLICE OFFICERS MICHAEL TATE, VINCE MORGAN,

JOHN KNEZEVICH, LYNN BUCNCH, WAYNE J. SMITH JR., JOSEPH HALLIHAN,

DAVID BAEZ, LIEUT. PETER PIAZZA, SGT. VARRICK DOUGLAS SR., C.

WILSON (#10091), F. GOLDSMITH (#3018), M. RANDOLPH (#9663), D.

LISS (#10115), L.A. WALLACE (#10484), TANNEHILL (#7177), D.

SAUCEDO, UNKNOWN CHICAGO POLICE OFFICERS, and the CITY OF

CHICAGO, and allege as follows:

## Jurisdiction and Venue

1.    This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

2.    This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and § 1367.  Venue is proper as Plaintiffs are residents of this judicial district and Defendant City of Chicago is a municipal corporation located here.  Further, the events giving rise to the claims asserted here all occurred within this district.

## Parties

3.    Plaintiff Octavia Burwell is a 37-year-old union laborer and real estate investor, and a life-long Chicago resident.  Her daughters, Plaintiffs Camille and Amber Burwell, are 10 and 15 years old.

4.    Ms. Burwell's son Plaintiff Christopher Smothers, 20 years old, is an electrician apprentice.

5.    Ms. Burwell's other son Plaintiff Warren Parnell is a 19-year-old student, finishing his high school degree.

## Background

6.    On the morning of March 29, 2007, Plaintiffs were at home when a large group of Chicago Police Officers entered unannounced into their apartment with guns drawn.

2

7.     Camille and Amber Burwell were watching television in their pajamas when the officers entered their bedroom. One officer pointed a gun at 10-year-old Camille. The officers made the girls walk to the dining room and lie down on the floor face-first.

8.     Defendant Officers also forced Plaintiffs Octavia Burwell and her sons Warren Parnell and Christopher Smothers, to lie down face-first on the dining room floor.

9.     The officers handcuffed Christopher and Warren. One of the officers pointed his gun at Christopher and put his foot on his face.

10.     After about 10 minutes, Octavia, Amber and Camille were brought into the living room and searched. Christopher and Warren were forced to stay face-first on the floor for about an hour.

11.     During this time, Defendant Officers searched and ransacked the entire apartment. They damaged furniture so seriously that much of it later had to be replaced.

12.     Some of the Defendant Officers brought Octavia Burwell into her bedroom, where they made her disclose the combination to her safe. Before these Officers opened her safe, they sent Ms. Burwell out of the room. The safe contained, among other items, valuable jewelry and over $20,000 in cash that Ms. Burwell had won at a casino.

3

13.    The Defendant Officers took most of the contents of the safe, including the cash and jewelry. The officers also took digital cameras, and Ms. Burwell's computer.

14.    At one point, a Defendant Officer looked at Mr. Smothers and said to Ms. Burwell words to the effect of: "What is he, a gang-banger?" to which Ms. Burwell responded that her son was apprenticing to become an electrician.

15.    After more than one and a half hours, the Defendant Officers began to leave Plaintiffs' apartment. Ms. Burwell asked Defendants why they were taking her personal property, and requested inventory slips. The officers did not tell her why they were taking her property, and told her they would send inventories later.

16.    One of the officers then handed Ms. Burwell a search warrant that purportedly justified the Defendants' entry into her home. However, the warrant was not for her apartment.

17.    Despite Ms. Burwell's repeated inquiries since then to various Department employees and to the Office of Professional Standards, she has received only $11,800 of the more than $20,000 that Defendant Officers took from her. She is also still waiting for the return of her computer, jewelry, and cameras.

4

## Count I -- 42 U.S.C. § 1983
## Unreasonable Search and Seizure

18. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

19. As described above, the Defendant Officers, acting under color of law, conducted an unconstitutional search and seizure.

20. More specifically, Defendant Officers used unlawful violence to gain entry to Plaintiffs' home and conducted an extended search of the home, and their persons and belongings, in an unlawful and unjustified manner. The Defendant Officers unlawfully damaged and seized property belonging to Plaintiffs.

21. Neither the entry nor the manner by which the searches were conducted were lawfully justified by the circumstances confronting the officers.

22. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

23. The policy and practice of the City of Chicago were the moving force behind these constitutional violations in that:

a. As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by

5

failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiffs in this Count on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

d. Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

e. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the

6

misconduct at issue in this case; and

   f. The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

   24. As a result of the unjustified violation of Plaintiffs' rights by the Defendant Officers, as well as the City's policy and practice, Plaintiffs have suffered injury, including emotional distress.

   25. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

## Count II - 42 U.S.C. § 1983
### Excessive Force

   26. Each Paragraph of this Complaint is incorporated as if fully stated herein.

   27. As described above, the conduct of one or more of the Defendant Officers, acting under color of law, constituted excessive force in violation of the United States Constitution.

   28. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

29. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

30. As a result of the Defendant Officers' unjustified and excessive use of force, and due to the policy and practice of the City of Chicago, described in the foregoing paragraphs, Plaintiffs have suffered injury, including emotional distress.

## Count III - 42 U.S.C. § 1983: Unlawful Detention

31. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

32. As described above, Defendant Officers unlawfully detained Plaintiffs without justification and without probable cause.

33. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

34. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

35. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for the actions.

8

36.    As a result of this misconduct, and due to the policy and practice of the City of Chicago, described in the foregoing paragraphs, Plaintiffs have suffered injury, including emotional distress.

## Count IV - 42 U.S.C. § 1983
## Failure to Intervene

37.    Each Paragraph of this Complaint is incorporated as if fully stated herein.

38.    During the Constitutional violations committed against Plaintiffs, as described more fully above, unknown Defendant Officers stood by and watched without intervening to prevent the violations to which Plaintiffs were subjected.

39.    The unknown Defendant Officers had a reasonable opportunity to prevent the violations of Plaintiffs' rights had they been so inclined, but failed to do so.

40.    The unknown Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

41.    As a result of the failure of these Defendant Officers to intervene to prevent the violations, and due to the policy and practice of the City of Chicago, described in the foregoing paragraphs, Plaintiffs have suffered injury, including emotional distress.

9

## Count V - 42 U.S.C. § 1983
## Equal Protection

42. Each Paragraph of this Complaint is incorporated
as if fully stated herein.

43. As described more fully above, Defendant Officers,
while acting individually, jointly, and in conspiracy, as well as
under color of law, denied Plaintiffs the equal protection of the
law in violation of their Constitutional rights.

44. In their deprivation of Plaintiffs' constitutional
rights, Defendant Officers treated Plaintiffs differently than
other similarly-situated individuals on the basis of their
membership in a particular class, African-American.

45. Defendant Officers' conduct was motivated by
racial animus and discriminatory purpose, and was not rationally
related to any governmental interest.

46. As a result of the Defendant Officers' wrongful
infringement of their rights, Plaintiffs have suffered injury,
including emotional distress.

## COUNT VI -- State Law Claim
## Conversion

47. Each of the Paragraphs in this Complaint is
incorporated as if restated fully herein.

48. As described more fully in the preceding
paragraphs, the Defendant Officers unlawfully exercised dominion
or control over Plaintiffs' property, much of which was not

10

returned to Plaintiffs even after they notified Defendants of the theft.

49. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

50. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

51. As a result of Defendant Officers' misconduct described in this Count, and due to the policy and practice of the City of Chicago, described in the foregoing paragraphs, Plaintiffs have suffered injury, including but not limited to their loss of property.

## Count VII - State Law Claim:
## False Imprisonment

52. Each Paragraph of this Complaint is incorporated herein.

53. Defendant Officers unlawfully restrained Plaintiffs' liberty to move about, despite Defendant Officers' knowledge that there was no probable cause for doing so.

54. Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiffs' constitutional rights and to the rights of others.

11

55. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that their employer, CITY OF CHICAGO, is liable for their actions.

56. As a result of the above-described wrongful infringement of Plaintiffs' rights, and due to the policy and practice of the City of Chicago, described in the foregoing paragraphs, Plaintiffs have suffered injury, including emotional distress.

## Count VIII -- State Law Claim
### Respondeat Superior

57. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

58. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

59. Defendant City of Chicago is liable as principal for all torts committed by its agents.

## Count IX - State Law Claim
### Indemnification

60. Each Paragraph of this Complaint is incorporated as if fully stated herein.

61. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees

12

are liable within the scope of their employment activities. 735
ILCS 10/9-102.

## Requests for Relief

Plaintiffs, OCTAVIA BURWELL, CHRISTOPHER SMOTHERS, WARREN
PARNELL, and AMBER BURWELL and CAMILLE BURWELL, the latter two
minors by and through their mother, Octavia Burwell, respectfully
request that the Court:

A.   enter judgment in their favor and against Defendants,
     CHICAGO POLICE OFFICERS MICHAEL TATE, VINCE MORGAN,
     JOHN KNEZEVICH, LYNN BUCNCH, WAYNE J. SMITH JR., JOSEPH
     HALLIHAN, DAVID BAEZ, LIEUT. PETER PIAZZA, SGT.
     VARRICK DOUGLAS SR., C. WILSON (#10091), F. GOLDSMITH
     (#3018), M. RANDOLPH (#9663), D. LISS (#10115), L.A.
     WALLACE (#10484), TANNEHILL (#7177), D. SAUCEDO,
     UNKNOWN CHICAGO POLICE OFFICERS, and the CITY OF
     CHICAGO;

B.   award compensatory damages against Defendants, CHICAGO
     POLICE OFFICERS MICHAEL TATE, VINCE MORGAN, JOHN
     KNEZEVICH, LYNN BUCNCH, WAYNE J. SMITH JR., JOSEPH
     HALLIHAN, DAVID BAEZ, LIEUT. PETER PIAZZA, SGT.
     VARRICK DOUGLAS SR., C. WILSON (#10091), F. GOLDSMITH
     (#3018), M. RANDOLPH (#9663), D. LISS (#10115), L.A.
     WALLACE (#10484), TANNEHILL (#7177), D. SAUCEDO,

13

UNKNOWN CHICAGO POLICE OFFICERS, and the CITY OF
CHICAGO;

C.   award attorneys' fees against Defendants, CHICAGO
     POLICE OFFICERS MICHAEL TATE, VINCE MORGAN, JOHN
     KNEZEVICH, LYNN BUCNCH, WAYNE J. SMITH JR., JOSEPH
     HALLIHAN, DAVID BAEZ, LIEUT. PETER PIAZZA, SGT.
     VARRICK DOUGLAS SR., C. WILSON (#10091), F. GOLDSMITH
     (#3018), M. RANDOLPH (#9663), D. LISS (#10115), L.A.
     WALLACE (#10484), TANNEHILL (#7177), D. SAUCEDO,
     UNKNOWN CHICAGO POLICE OFFICERS, and the CITY OF
     CHICAGO;

D.   award punitive damages against Defendants CHICAGO
     POLICE OFFICERS MICHAEL TATE, VINCE MORGAN, JOHN
     KNEZEVICH, LYNN BUCNCH, WAYNE J. SMITH JR., JOSEPH
     HALLIHAN, DAVID BAEZ, LIEUT. PETER PIAZZA, SGT. VARRICK
     DOUGLAS SR., C. WILSON (#10091), F. GOLDSMITH (#3018),
     M. RANDOLPH (#9663), D. LISS (#10115), L.A. WALLACE
     (#10484), TANNEHILL (#7177), D. SAUCEDO, UNKNOWN
     CHICAGO POLICE OFFICERS, all in their individual
     capacity; and

E.   grant any other relief this Court deems just and
     appropriate.

14

**Jury Demand**

Plaintiffs, OCTAVIA BURWELL, CHRISTOPHER SMOTHERS, WARREN PARNELL, and AMBER BURWELL and CAMILLE BURWELL, the latter two minors by and through their mother, Octavia Burwell, demand a trial by jury under Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Samantha Liskow
LOEVY & LOEVY
312 North May Street, Ste. 100
Chicago, IL 60607
(312) 243-5900

15